ROBERT HILBRETH v. STATE.

No. A-2189.	Opinion Filed April 25, 1914.

Appeal from County Court, McCurtain County;
E. E. Cochran, Judge.

Robert Hilbreth was convicted of a violation of the prohibitory law, and appeals. Dismissed.

PER CURIAM. Robert Hilbreth, plaintiff in error, was convicted in the county court of McCurtain county of a violation of the prohibitory law, and in accordance with the verdict of the jury, he was on the 18th day of July, 1913, sentenced to be confined in the county jail for a term of thirty days and to pay a fine of fifty dollars. To reverse this judgment an appeal was attempted to be taken by filing in this court on February 16, 1914, a petition in error with case-made. On March 10, 1914, the Attorney General filed a motion to dismiss the appeal for the reason that the same was not filed in this court until long after the expiration of the time allowed by law in which an appeal could be taken in a misdemeanor case. It appearing from the record that the petition in error and case-made were not filed in this court until three or four months after the limit fixed by law for taking an appeal had expired, the motion to dismiss is well taken. The purported appeal herein is therefore dismissed, and the cause remanded.

PHINEAS S. THOMPSON v. STATE.

No. A-2094.	Opinion Filed April 25, 1914.

Appeal from County Court, McIntosh County;
Ben D. Gross, Judge.

Phineas S. Thompson was convicted of a violation of the prohibitory law, and appeals. Dismissed.

PER CURIAM. Phineas S. Thompson, plaintiff in error, was convicted in the county court of McIntosh county of a violation of the prohibition law, and in accordance with the verdict of the jury he was, on the 25th day of July, 1913, sentenced to be confined in the county jail for a term of thirty days and to pay a fine of seventy-five dollars. To reverse this judgment an appeal was attempted to be taken by filing in this court on September 24, 1913, a petition in error with case-made. On October 2, 1913, the Attorney General filed a motion to dismiss the appeal for the reason that the same was not filed in this court within sixty days from the rendition of the judgment. It appearing from the record that the statutory time had not been extended by order of the court, and it appearing further that the appeal was lodged in this court one day too late, the motion to dismiss must be sustained. The purported appeal is therefore dismissed and the cause remanded.